IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Karla Mascari and Richard Mascari,<br><br>Plaintiffs,<br><br>v.<br><br>Divisions, Inc., LCU Properties, Inc, and KIN, Inc., f/k/a Kohl's Illinois, Inc., d/b/a Kohls #174,<br><br>Defendants. | Case No. 3:21-cv-50091<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

For ages, humankind has been fascinated with time. Some say the ancient Greeks worshipped Kronos, despite his disturbing habit of devouring his children. More recently, Pink Floyd's *Dark Side of the Moon* gave us the aptly titled "Time." The defendants in this case have their own fixation on time. Alas, the defendants' understanding of time misreads Illinois' clear statutes on the topic.

\* \* \*

On February 10, 2021, Karla and Richard Mascari filed this action in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois. Dkt. 1, at 9. They claim negligence and loss of consortium against Divisions, LCU Properties, and KIN, Inc. ("defendants"), for their alleged failure to properly maintain the parking lot of a Kohls department store. While walking in the parking lot of the store, Karla Mascari slipped on snow or ice and fell. *Id.* at 10. The fall allegedly occurred on February 10, 2019. After timely removing the action to federal court,

1

the defendants all now move to dismiss, arguing that because of the 2020 leap year, the suit was filed one day too late and is time barred. Because the plain reading of the statute of limitations and the statute on statutes does not support their arguments, the motions [8,14,31] are denied.

Though the motions are filed separately, they all make the same argument. The various defendants contend that the claims are barred by the statute of limitations by one day because a year is defined as 365 days. On this theory, the 2020 leap year is not a year, it is a year plus one day. This would mean that two years after February 10, 2019, is not February 10, 2021, but instead that two-year anniversary would fall on February 9, 2019. That single day difference would render the claims at issue barred by the statute of limitations.

In Illinois, personal injury suits must be filed within two years of the date of accrual. 735 Ill. Comp. Stat. § 5/13-202: "Actions for damages for an injury to the person . . . shall be commenced within 2 years next after the cause of action accrued." The plain reading of this statute, then, means the last date to file suit in this case was February 10, 2021. Notably, that is when Karla and Richard Mascari filed. Dkt. 1, at 9. In briefing, the defendants all contended that the Court should apply Federal Rule of Civil Procedure 6(a) and interpret the Illinois statute as meaning 365 days rather than a year. They have now changed course: "In light of the holdings in the [sic] *Hollander* and *Walker*, we suspect that Rule 6(a) would not be used in calculating a state statute of limitations." Dkt. 36, at 3. They suspect

2

correctly. In *Guaranty Trust Co. v. York*, the Supreme Court addressed state statutes of limitation in diversity cases:

> "Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law."

326 U.S. 99, 110 (1945). Because the Court must apply the state statute of limitations, the appropriate method for calculating that statute must also be found in state law. To do otherwise would defy federalism. At bottom, diversity jurisdiction affords "out-of-State litigants another tribunal, not another body of law." *Id.* at 112.

So, the Court looks to Illinois state law to determine how to calculate the statute of limitations on Illinois personal injury suits. In *Tomerlin v. Arkray*, No. 3:20-cv-01060, 2021 U.S. Dist. LEXIS 101274 (S.D. Ill. May 28, 2021), another federal court in Illinois was faced with the same problem this Court now takes up. There, the court recognized that some Illinois state courts have applied the calendar method of calculating statutes of limitations, and others have applied the anniversary approach. *Id.* at *9–10. The calendar approach includes the day of the triggering event plus 365 days. *Id.* (quoting *Parker v. Murdock*, 959 N.E.2d 1219, 1223 (Ill. App. Ct. 2011)). The anniversary approach, on the other hand, merely looks to the anniversary day of the event, unless that day falls on an excluded day, like a weekend or holiday. *Id.* Importantly, the anniversary approach results in the same deadline regardless of whether the limitations period happened to include a

3

leap year. *Id.* at 10. Because the Illinois Supreme Court has not declared which method is the law in Illinois, and because the facts did not require resolution of the question, the *Tomerlin* court declined to predict which direction Illinois courts would take. *Id.* at 11.

This Court is now asked to answer that same question. The Court need not look far, though, the plain text of the relevant Illinois statutes provides the answer. Two sections of the Illinois code are relevant here. First, 5 Ill. Comp. Stat. § 70/1.10 provides key definitions: "'Month' means a calendar month, and the word 'year,' a calendar year unless otherwise expressed; and the word 'year' alone is equivalent to the expression 'year of our Lord.'" The next section, 5 Ill. Comp. Stat. § 70/1.11 provides when acts must occur:

> The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded.

These statutes can be read together and are not ambiguous. Although section 70/1.10 uses the word calendar, it does not invoke the so-called calendar method. If that was unclear, the plain text explains that a year is equivalent to the phrase "year of our Lord." *Id.* § 70/1.10. Thus, to add a year onto a date, the court merely adds one to the "year of our Lord" section of the date: two years from February 10, 2019, is February 10, 2021. The next section clarifies but does not contradict section 70/1.10. It merely accounts for scenarios in which the end date of a statute of

4

limitations is a weekend or holiday. It instructs that if the deadline to file suit falls on a weekend or holiday, then the deadline is extended until the next day that is not a weekend or holiday. *Id.* § 70/1.11. The first clause of that section confirms that the two sections are not in conflict. It expressly adopts the so-called anniversary method by "excluding the first day and including the last." *Id.*

In analyzing the phrase "24 consecutive months," the Illinois Appellate Court in *Cella v. Sanitary District Employees' & Trustees' Annuity & Benefit Fund*, read the statute similarly. 639 N.E.2d 1335 (Ill. App. Ct. 1994). There, the defendant contended that one year consists of fifty-two weeks, not fifty-two weeks plus a day or two. Citing the same section of the Illinois statute on statutes, the court explained the reasoning for applying the plain text of a statute:

> Thus, the number of days or weeks in a month or a year should be irrelevant to the process of calculating an annuitant's average final salary under section 13-115. The Code does not provide that the word "month as used in section 13-115 means anything less than a "calendar month." If the legislature intended that 24 months was to be interpreted as equivalent to 520 working days and not 24 calendar months, it easily could have so provided.

*Id.* at 1340. That case was decided in August 1994. In the more than twenty-seven years since, the Illinois legislature could have updated the statute to correct the *Cella* court if it believed the court erred. It has not. A year remains a year, not 365 days.

Applying this construction to the present context shows that this action was timely filed. As stated above, the Illinois statute of limitations for personal injury actions is two years from the date of accrual. 735 Ill. Comp. Stat. § 5/13-202. The

5

text of the statute reads "2 years," not two blocks of 365 days. The deadline to file this action was two years after the date of accrual, regardless of whether any leap year fell within that period. Karla Mascari was allegedly injured on February 10, 2019. Her deadline to file this action was February 10, 2021. She complied.

For these reasons, the defendants' motions to dismiss [8,14,31] are denied.


Date: November 2, 2021

_____
Honorable Iain D. Johnston
United States District Judge